# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PABLO RAMON GUERRERO,

    *Petitioner*,

vs.

BRIAN E. WILLIAMS, *et al.*,

    *Respondents*.

Case No. 2:13-cv-00328-JAD-CWH

**ORDER**

    This habeas matter comes before the Court for file review following upon the filing of a second amended petition (Doc. 26).

    Review of the file reflects that: (a) while petitioner verified the first amended petition he has not yet done so as to the second amended petition; (b) respondents have not responded to the second amended petition within the time frame originally established by the initial scheduling order (Doc. 8); and (c) a trial transcript does not appear to be included with the state court record exhibits submitted (Doc. 27).

    The Court will establish a deadline for filing of a verification followed by a response to the second amended petition. In reviewing the pleading, it appears that an exhaustion issue is present on the face of the pleading as to all grounds except possibly Ground 11 and part of Ground 15 and that there additionally is a relation back issue at least as to Ground 22. The Court accordingly will restrict the initial response to these threshold issues.

    With regard to the trial transcript, petitioner challenges the sufficiency of the evidence on certain of the charges in Ground 1. It further is unlikely that the Court would be able to adjudicate all of the remaining 21 grounds without reference to the trial transcript. For

Case 2:13-cv-00328-JAD-CWH   Document 28   Filed 01/23/14   Page 2 of 2

example, a determination of whether a petitioner can demonstrate the requisite prejudice on a claim of ineffective assistance of trial counsel often requires an assessment of the impact of the alleged deficiency by counsel in the context of all of the trial evidence. The Court generally makes such determinations based upon the actual trial transcript as opposed to only excerpts from the transcript and/or representations as to the content of the record in prior briefs or court decisions. However, the Court will defer consideration of possible supplementation of the state court record exhibits until after addressing whether all of the claims will be reached on the merits at this juncture in this proceeding.

**IT THEREFORE IS ORDERED** that, within **thirty (30) days** of entry of this order, petitioner shall file a verification of the second amended petition.

**IT FURTHER IS ORDERED** that, within **sixty (60) days** of entry of this order, respondents shall respond by motion to dismiss raising defenses, if any, based upon lack of exhaustion and/or failure of claims to relate back to a timely prior pleading. Consideration of all other defenses, including but not limited to procedural default, is deferred to a later response; and respondents shall not be deemed to have waived such defenses by omitting them from the initial response.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from service of the response to file an opposition, with the time for a reply memorandum by respondents thereafter being the standard deadline under the local rules.

Dated:   January 23, 2014.

_____
JENNIFER A. DORSEY
United States District Judge