# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PABLO RAMON GUERRERO,

*Petitioner*,

vs.

BRIAN E. WILLIAMS, et al.,

*Respondents*.

Case No. 2:13-cv-00328-JAD-CWH

Order Granting in Part Motion to Dismiss and Staying Case Pending Exhaustion of State Court Proceedings
[# 64]

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed a counseled second amended petition (Doc. 26). Before the court is respondents' motion to dismiss (Doc. 64). Petitioner opposes the motion (Doc. 72), and respondents have replied (Doc. 76). For the reasons below, the court grants the motion to dismiss in part and stays this case pending final resolution of Petitioner's state-court postconviction proceedings.

## I. Procedural History and Background

On October 16, 2003, a jury convicted petitioner Pablo Ramon Guerrero ("petitioner") of count I: burglary; count III: preventing or dissuading a victim from reporting a crime; count IV: sexual assault; count V: conspiracy to commit burglary; count VI: burglary while in possession of a firearm; count VII: burglary while in possession of a firearm; count VIII: conspiracy to commit kidnapping; count IX: first degree kidnapping with use of a deadly weapon; count X: first degree kidnapping with use of a deadly weapon resulting in substantial bodily harm; count XI: conspiracy to commit murder; count XII: attempted murder with the use of a deadly weapon; count XIII: conspiracy to commit robbery with the use of a deadly weapon; count XIV: robbery with the use of a deadly weapon; and count XV: grand larceny (exhibits to second amended petition, Doc. 26, exh. 63).[1] The jury found petitioner not guilty of count II: child abuse and neglect. *Id.* On March 1,

---

[1] Unless otherwise indicated, all exhibits referenced in this order are exhibits to the second amended petition, Doc. 26, and are found at Docs. 31-59.

2004, the state district court dismissed counts I and VI as duplicative and then sentenced petitioner to a combination of concurrent and consecutive sentences that totaled 30 years to life in prison. Exh. 77; *see also* Exh. 4. The judgment of conviction was entered on March 31, 2004. Exh. 79.

The Nevada Supreme Court affirmed in part the denial of petitioner's direct appeal on June 15, 2005. Exh. 246. The Nevada Supreme Court *sua sponte* reversed petitioner's conviction for conspiracy to commit robbery because the state district court erroneously used the deadly weapon enhancement and sentenced petitioner to consecutive terms of 24–60 months imprisonment for the crime of conspiracy to commit robbery. *Id.* at 15-16. Remittitur issued on July 12, 2005. Exh. 248. An amended judgment of conviction was filed on August 15, 2005. Exh. 100.

Petitioner filed a proper person state postconviction petition for writ of habeas corpus on June 6, 2006 (Doc. 27, Exh. 6). The state district court appointed counsel, and counsel filed a supplemental petition (Doc. 27, Exh. 9). After an evidentiary hearing, the state district court denied the petition (Doc. 27, Exh. 17). Petitioner's counsel presented just one claim on appeal to the Nevada Supreme Court, which affirmed the denial of the petition on January 16, 2013 (Doc. 27, Exh. 20). Remittitur issued on February 12, 2013 (Doc. 27, Exh 21).

Petitioner dispatched his federal habeas corpus petition on February 19, 2013 (Doc. 6). This court appointed counsel, and petitioner filed a counseled second amended petition on December 16, 2013 (Doc. 26). Respondents have filed a motion to dismiss, arguing that numerous grounds should be dismissed as unexhausted or untimely.

**II. Legal Standard for Exhaustion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v.*

*Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). The state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); *see Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). But citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

## III. Instant Petition

### A. Grounds at Issue

Petitioner acknowledges on the face of his second amended petition that numerous grounds are unexhausted: grounds 1-10, 12-14, 16-21, and part of ground 15 (Doc. 26, pp. 12, 15, 18, 21, 30, 42, 44, 70, 74, 81, 88, 95, 96, 108, 124, 129, 132, 140, 147, 151, 154. But in his opposition to the motion to dismiss, he argues that these grounds should, in fact, be deemed exhausted (Doc. 72, pp. 8-13).

Petitioner recounts the following: he wrote a letter to his postconviction appellate counsel asking him to appeal all issues raised in his state postconviction petitions (Doc. 72, pp. 10-13). After petitioner saw the opening brief appealing the denial of his state postconviction petition that his counsel filed, he contacted his counsel as well as the Nevada Supreme Court (via letter) to advise that he wished to appeal the denial of all his claims, not just the single claim that counsel had chosen to pursue. *Id.*; Exhs. 267, 268, 271, 273. Ultimately, the Nevada Supreme Court directed petitioner to either: (1) hire substitute counsel; (2) proceed *pro se* on the already-completed briefing; or (3) proceed with his current counsel on the already-completed briefing (Doc. 72, p. 11; Exhs. 272, 274). Petitioner responded to the state supreme court and stated that, given those options, he had resigned himself to proceeding with his current counsel (Doc. 72, p. 12; Exh. 275). Petitioner now argues that "through his efforts, [he] called the attention of the Nevada Supreme Court to his claims" and thus, grounds 4-10 and 12-22 were fairly presented to the Nevada Supreme Court and should be deemed exhausted (Doc. 72, p. 13). Relying on the Eighth Circuit's decision in *Clemmons v. Delo*, 124 F.3d 944, 947 (8th Cir. 1997), petitioner contends that he in fact exhausted the claims when he submitted *pro se* papers to the Supreme Court of Nevada during the represented appeal reflecting his desire to pursue all of the claims in the petition. *Id.* at pp. 9-13.

In their reply in support of their motion to dismiss, respondents argue that petitioner's reliance on Eighth Circuit authority is misplaced (Doc. 76, p. 3). They also point out that, while Rule 46(b) of the Nevada Rules of Appellate Procedure allows parties to file a proper person brief with leave of the state supreme court, the Supreme Court of Nevada exercised its discretion and clearly denied such leave in this case. *Id.*; Exhs. 272, 274.

This court agrees that rejected *pro se* filings by a represented defendant do not fairly present and exhaust any claim. Even on direct appeal, a represented defendant has no right to have *pro se* filings considered because a criminal defendant has no constitutional right to both self-representation and the assistance of counsel in the same proceeding. *See, e.g., United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir. 1987); *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981). Moreover, a criminal defendant has no right of self-representation on direct appeal. *Martinez v. Court of Appeal of California*, 528 U.S. 152, 163 (2000). It further is established law that appellate counsel is not required to raise every non-frivolous ground that petitioner wanted to raise on direct appeal. *See Jones v. Barnes*, 463 U.S. 745 (1983). These conclusions apply with even greater force with regard to a state postconviction appeal.

Petitioner had no right to have his *pro se* papers and claims considered on the merits on the represented appeal, and he further had no right to insist that his appellate counsel follow his directions as to the issues to be raised and the manner in which they were to be raised on appeal. His *pro se* submissions in the represented appeal did not exhaust any claims, and none of the claims that he wished to assert in the *pro se* submissions were before that court on the appeal for a decision on the merits. If a petitioner wishes to pursue claims that his state postconviction counsel declined to pursue, he must pursue further state postconviction remedies to exhaust the claims. However, exhaustion cannot be achieved by procedurally deficient means, *see Castille v. Peoples*, 489 U.S. 346, 351 (1989),and a petitioner's *pro se* request on a represented appeal to pursue claims that his counsel did not pursue does not in and of itself exhaust claims. Accordingly, grounds 1-10 and 12-22 are unexhausted. The only exception to this finding is that the following portion of ground 15 is exhausted: trial counsel rendered ineffective assistance when he failed to proffer an instruction on petitioner's theory of defense on the sexual assault charge (Doc. 26, pp. 108, 120-122).

Respondents do not challenge ground 11 or the claim in ground 15 that trial counsel rendered ineffective assistance when he failed to proffer an instruction on petitioner's theory of defense on the sexual-assault charge as unexhausted.

**B. Petitioner's Motion for Stay and Abeyance**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Within his opposition to the motion to dismiss, petitioner asks that, in the event that the court deems any claims unexhausted, the court grant a stay in order that he may return to state court with his unexhausted claims (Doc. 72, pp. 16-17). The court concludes that all grounds except ground 11 and a portion of ground 15 are unexhausted.

A district court has discretion to stay a petition that it may validly consider on the merits:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines v. Weber*, 544 U.S. 269, 277 (2005). Thus the Court held that it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if (1) the petitioner had good cause for his failure to exhaust; (2) his unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278. The court explained that restricting the availability of the stay-and-abeyance procedure to only those cases that satisfy this three-part test protects AEDPA's "twin purposes" of promoting finality of sentences and encouraging petitioners to exhaust their claims in state court before filing in federal court. *Id.* at 277–78.

Petitioner argues that this case satisfies the test for a stay under the *Rhines* standard because he can demonstrate good cause for failure to exhaust–that his state postconviction counsel was ineffective for failing to appeal the denial of all grounds–his claims are potentially meritorious and he has not engaged in dilatory tactics (Doc. 72, pp. 16-17). Respondents retort that a *Rhines* stay is

the exception rather than the rule and that petitioner has failed to show good cause for his failure to exhaust (Doc. 76, pp. 8, 11-12).

There is little high-court guidance on what constitutes good cause to excuse a petitioner's failure to exhaust. In *Rhines*, the Supreme Court did not explain the standard with precision. *See* 544 U.S. at 275–278. In *Pace v. DiGuglielmo*, the court recognized in dicta that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" to excuse his failure to exhaust. 544 U.S. 408, 416 (2005) (citing *Rhines*, 544 U.S. at 278). Ninth Circuit discussion of the meaning of good cause under *Rhines* is also sparse. In *Jackson v. Roe*, 425 F.3d 654, 661-662 (9th Cir.2005), the Ninth Circuit held that good cause does not require a showing of "extraordinary circumstances." Subsequently, that court held that a petitioner did not establish good cause simply by alleging that he was "under the impression" that his claim was exhausted. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir.2008). The court reasoned that accepting as good cause the mere "lack of knowledge" that a claim was exhausted "would render stay-and-abey orders routine" because "virtually every habeas petitioner" represented by counsel could assert that he or she was unaware of his or her attorney's failure to exhaust. *Id.*

In *Blake v. Baker*, the Ninth Circuit reaffirmed that a "bald assertion" cannot amount to a showing of good cause; however, the court explained that "a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." 745 F.3d 977, 982 (9th Cir. 2014). In *Blake*, a capital case, petitioner argued that he failed to exhaust his ineffective assistance of trial counsel claim due to ineffective assistance of state postconviction appellate counsel. *Id.* He claimed that his postconviction counsel failed to conduct independent investigation or retain experts in order to discover facts underlying his ineffective assistance of trial counsel claim–evidence that petitioner was subjected to severe physical and emotional abuse as a child and suffered from severe brain damage and psychological disorders. *Id.* Petitioner supported his good-cause argument with evidence compiled by his federal postconviction counsel of his abusive upbringing and history of mental illness in the form of neuropsychological and psychological evaluation reports and thirteen declarations from family and friends that described the "abhorrent conditions of [petitioner's] upbringing and family history, in extensive and gruesome detail." *Id.* No evidence of Blake's

background had ever been presented to Nevada state courts. The Ninth Circuit held that (1) ineffective assistance of postconviction counsel can be good cause for a *Rhines* stay; and (2) that the petitioner in *Blake* established good cause by presenting a concrete and reasonable excuse, supported by evidence that his state postconviction appellate counsel failed to discover, investigate, and present to the state courts readily available evidence.

In his opposition to the motion to dismiss, petitioner sets forth, in detail, specific facts regarding his insistence that his state postconviction counsel appeal the denial of all state grounds to the Nevada Supreme Court, along with his attempts to supplement his appellate brief *pro se* (Doc. 72, pp. 8-13). He presents supporting evidence in the form of his correspondence with his counsel and the Nevada Supreme Court, as well as that court's orders in response. Exhs. 267, 268, 271-275. Petitioner presented specific facts and evidence to support his argument that he has good cause for failure to exhaust his claims. His federal grounds are potentially meritorious, and there is no indication that he engaged in dilatory tactics. Accordingly, the court grants petitioner's request for stay and abeyance.

## IV. Conclusion

IT IS THEREFORE ORDERED that respondents' motion to dismiss **(Doc. 64) is GRANTED in part and DENIED in part** as follows:

**1. Grounds 1 through 10, 12 through 14, and 16 through 22 are UNEXHAUSTED.**

**2. The portion of ground 15 arguing that trial counsel rendered ineffective assistance when he failed to proffer an instruction on petitioner's theory of defense on the sexual assault charge is EXHAUSTED.**

**3. The remaining portions of ground 15 are UNEXHAUSTED.**

IT IS FURTHER ORDERED that **this action is STAYED pending final resolution of petitioner's state postconviction proceedings**. This stay is conditioned upon petitioner returning to federal court with a motion to reopen the case within **45 days** of the issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court postconviction proceedings.

**IT IS FURTHER ORDERED** that **the Clerk SHALL ADMINISTRATIVELY CLOSE** this action until it is reopened by timely motion after the issuance of the remittitur by the Supreme Court of Nevada.

Dated this 19th day of May, 2015.

UNITED STATES DISTRICT JUDGE