# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Pablo Ramon Guerrero,

    Petitioner

v.

Brian E. Williams, et al.,

    Respondents

Case No.: 2:13-cv-00328-JAD-CWH

**Order Granting in Part Motion to Dismiss**

[ECF No. 87]

    Counseled petitioner Pablo Ramon Guerrero petitions for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that several of his constitutional rights were violated during the criminal proceedings that resulted in his conviction of more than 10 crimes.[1] Respondents move to dismiss many of Guerrero's claims as noncognizable, unexhausted, or procedurally defaulted.[2] I find that three claims are noncognizable, seven claims are wholly procedurally defaulted, and two claims are partially procedurally defaulted, so I grant the motion in part and dismiss them. I also find that one claim is unexhausted, which makes Guerrero's petition a mixed one. I therefore instruct Guerrero to choose one of three options for proceeding in this case, and I defer my ruling on the surviving, exhausted claims until a later time.

## Background

    Guerrero was convicted in 2003 of many crimes including burglary; preventing or dissuading a victim from reporting a crime; sexual assault; conspiracy to commit burglary; burglary while in possession of a firearm; conspiracy to commit kidnapping; first-degree kidnapping while using a deadly weapon; first-degree kidnapping while using a deadly weapon resulting in substantial bodily harm; conspiracy to commit murder; attempted murder while using a deadly weapon; conspiracy to commit robbery while using a deadly weapon; robbery while

---

[1] ECF No. 26.

[2] ECF No. 87.

1

using a deadly weapon; and grand larceny.[3] He was sentenced to a total of 30 years to life, and his judgment of conviction was entered on March 31, 2004.[4]

The Nevada Supreme Court affirmed in part the denial of his direct appeal on June 15, 2005.[5] The Court then *sua sponte* reversed Guerrero's conviction for conspiracy to commit robbery because the state district court erroneously used the deadly-weapon enhancement, which resulted in a consecutive term of 24–60 months.[6] Remittitur issued on July 12, 2005,[7] and an amended judgment of conviction was entered on August 15, 2005.[8]

Guerrero filed a proper person state postconviction petition for writ of habeas corpus on June 6, 2006.[9] The state district court appointed counsel, who filed a supplemental petition.[10] After an evidentiary hearing, the state district court denied the petition.[11] Guerrero's counsel presented just one claim on appeal to the Nevada Supreme Court, who then affirmed the denial of the petition on January 16, 2013.[12] Remittitur issued on February 12, 2013.[13] Guerrero

---

[3] ECF No. 37-8.

[4] ECF Nos. 31-4; 39-3.

[5] ECF No. 56.

[6] *Id.* at 15–16.

[7] ECF No. 56-2.

[8] ECF No. 41-4.

[9] ECF No. 32.

[10] ECF No. 32-3.

[11] ECF No. 33-1.

[12] ECF No. 33-4.

[13] ECF No. 33-5.

dispatched his federal habeas corpus petition on February 19, 2013.[14] This court appointed counsel, and Guerrero filed a counseled second-amended petition on December 16, 2013.[15]

On May 19, 2015, I granted in part respondents' first motion to dismiss, concluding that several claims were unexhausted and staying this case pending the resolution of Guerrero's state postconviction proceedings.[16] On August 3, 2017, I granted Guerrero's motion to reopen this case.[17] Respondents now, once again, move to dismiss many of Guerrero's claims as noncognizable, unexhausted, or procedurally defaulted.[18]

## Discussion

### A. Some of Guerrero's claims are noncognizable.

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States.[19] Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus.[20]

In his second-amended petition, Guerrero adds ground 22, claiming that he is actually innocent of conspiracy to commit murder and attempted murder with use of a deadly weapon.[21] Respondents argue that this claim is untimely because it doesn't relate back to the timely-filed first-amended petition.[22] Respondents also point out that the United States Supreme Court has

---

[14] ECF No. 6.

[15] ECF No. 26.

[16] ECF No. 78.

[17] ECF No. 82.

[18] ECF No. 87.

[19] 28 U.S.C. § 2254(a).

[20] *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

[21] ECF No. 26 at 154–60.

[22] ECF No. 87 at 4–5.

not held that a freestanding claim of actual innocence is cognizable on federal habeas review.[23] I agree, and I dismiss ground 22 as noncognizable.

Next, in grounds 12 and 17, Guerrero argues that his trial and appellate counsel violated *Batson v. Kentucky*.[24] His main complaint appears to be that his own defense counsel discriminated based on gender when he exercised nearly all of his peremptory challenges against male prospective jurors. Respondents point out that a *Batson* challenge addresses the State's purposeful or deliberate violation of the petitioner's constitutional rights in exercising peremptory challenges against prospective jurors. Because grounds 12 and 17 do not state claims for which federal habeas relief may be granted, they are dismissed as noncognizable.

**B.     Many of Guerrero's claims are procedurally defaulted.**

The Antiterrorism and Effective Death Penalty Act (AEDPA), allows this court to grant habeas relief if the relevant state court decision was either: (1) contrary to clearly established federal law as determined by the Supreme Court; or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court.[25]

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts, but the state courts disposed of the claim on procedural grounds instead of the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment.[26] Federal habeas review of a procedurally defaulted claim

---

[23] *Id.* at 10–11; *see McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence."); *Gimenez v. Ochoa*, 821 F.3d 1136, 1143 (9th Cir. 2016) ("The Supreme Court has never recognized 'actual innocence' as a constitutional error that would provide grounds for relief without an independent constitutional violation.").

[24] *Batson v. Kentucky*, 476 U.S. 79, 89 (1986) (holding that the Equal Protection Clause forbids the prosecutor from challenging potential jurors solely on account of their race). ECF No. 26 at 88–94, 129–31.

[25] 28 U.S.C. § 2254(d).

[26] *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).

is not available "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[27]

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule.[28] For cause to exist, the external impediment must have prevented the petitioner from raising the claim.[29] To demonstrate a fundamental miscarriage of justice, a petitioner must show the constitutional error complained of probably resulted in the conviction of an actually innocent person.[30] "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."[31] This is a narrow exception and is reserved only for extraordinary cases.[32] Bare allegations unsupplemented by evidence do not tend to establish actual innocence sufficient to overcome a procedural default.[33]

Respondents argue that grounds 1–10, 13, 14, 16, 18–21, and part of ground 15 are procedurally barred.[34] I previously found these claims unexhausted prior to granting a stay and abeyance.[35] The Nevada Supreme Court affirmed the dismissal of Guerrero's second state habeas petition as untimely, successive, and barred by the doctrine of laches.[36] The Ninth

---

[27] *Id.* at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

[28] *Murray*, 477 U.S. at 488.

[29] *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

[30] *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

[31] *Bousley v. United States*, 523 U.S. 614, 623 (1998).

[32] *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992).

[33] *Thomas v. Goldsmith*, 979 F.2d 746, 750 (9th Cir. 1992).

[34] ECF No. 87 at 8–9.

[35] ECF No. 78.

[36] ECF No. 88-25; NEV. REV. STAT. §§ 34.810(1)(b), 34.726(1).

Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bars at issue in this case—NRS § 34.810 and 34.726—are independent and adequate state grounds.[37] So, the Nevada Supreme Court's determination that federal grounds 1–10, 13, 14, 16, 18–21, and part of ground 15 were procedurally barred was an independent and adequate ground to affirm the denial of the claims in the state petition.

Guerrero bears the burden of proving good cause for his failure to present the claims and actual prejudice.[38] Guerrero contends that he can demonstrate cause and prejudice to excuse this default under *Martinez v. Ryan*[39] because he received ineffective assistance of state postconviction counsel.[40] The Supreme Court initially held in *Coleman v. Thompson* that ineffective assistance of counsel in postconviction proceedings does not establish cause for the procedural default of a claim.[41] But in *Martinez*, the Court established a "narrow exception" to that rule:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.[42]

The Ninth Circuit has provided guidelines for applying *Martinez*, summarizing the analysis as follows:

> To demonstrate cause and prejudice sufficient to excuse the procedural default, therefore, *Martinez* . . . require[s] that [petitioner] make two showings. First, to establish "cause," he must establish that his counsel in the state postconviction

---

[37] *Vang v. Nevada*, 329 F.3d 1069, 1073–75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210–12 (9th Cir. 1999).

[38] *Coleman*, 501 U.S. at 750; *see also Murray*, 477 U.S. at 485.

[39] *Martinez v. Ryan*, 566 U.S. 1 (2012).

[40] ECF No. 95 at 5–10.

[41] *Coleman*, 501 U.S. at 750.

[42] *Martinez*, 566 U.S. at 17.

6

> proceeding was ineffective under the standards of *Strickland [v. Washington*, 466 U.S. 668 (1984)]. *Strickland*, in turn, requires him to establish that both (a) post-conviction counsel's performance was deficient, and (b) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different. Second, to establish "prejudice," he must establish that his "underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."[43]

Grounds 1, 2, 3, 13, and 18 are substantive claims of insufficient evidence, double jeopardy, trial-court error, and prosecutorial misconduct.[44] Parts of ground 15 and 16 also allege trial-court error.[45] A *Martinez* analysis may only be invoked when the underlying claims are ineffective-assistance-of-trial-counsel claims. Accordingly, *Martinez* cannot save grounds 1, 2, 3, 13, 18, and the trial-court-error claims in grounds 15 and 16, so I dismiss them as procedurally barred.

Ground 21 is a claim of ineffective assistance of appellate counsel.[46] But in *Davila v. Davis*,[47] the United States Supreme Court declined to expand the "narrow" *Martinez* exception to claims of ineffective assistance of appellate counsel. So Guerrero cannot demonstrate cause and prejudice under *Martinez* to overcome default of this ground. Ground 21 is therefore dismissed as procedurally barred.

Grounds 14, 15, and 16 assert ineffective assistance of both trial and appellate counsel.[48] The portions of the claims relating to ineffective appellate counsel are also dismissed as

---

[43] *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014) (citations omitted).

[44] ECF No. 26 at 12–21, 94–96, 131–140.

[45] *Id.* at 112–120; 124–125.

[46] ECF No. 26 at 151–54.

[47] *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017).

[48] ECF No. 26 at 96–128.

7

procedurally barred. Finally, the remaining claim in ground 14 is duplicative of ground 5. Ground 14 is, therefore, dismissed in its entirety.

Grounds 5–10, 19, 20, and the remaining claims in grounds 4, 15, and 16 are all claims of ineffective assistance (IAC) of trial counsel:

- Ground 4(2): trial counsel was ineffective for failing to investigate employees at the McDonald's and gas station where Guerrero and the victim stopped;[49]
- Ground 4(3): counsel failed to investigate and become familiar with what physical evidence was and was not found in the van;[50]
- Ground 4(4): counsel failed to investigate Brenda's past psychological instability and to consult with psychological experts regarding Guerrero's state of mind that day;[51]
- Ground 4(5): counsel failed to investigate Guerrero's place of employment and to procure character witnesses;[52]
- Ground 5: counsel failed to move to sever Guerrero's trial from his codefendant's;[53]
- Ground 6: counsel failed to inform the court before trial started that Guerrero was going to testify in order to avoid any *Bruton* issues;[54]
- Ground 7: counsel failed to adequately prepare for trial by speaking to the victim about letters that Guerrero wrote her while he was in jail, interviewing and subpoenaing Detective Rogers to testify, and counsel failed to adequately cross-examine the victim, Sergeant Cervantes, and Detective Rogers;[55]

---

[49] ECF No. 26 at 21–26.

[50] *Id.* at 26–28.

[51] *Id.* at 28.

[52] *Id.* at 28–29.

[53] *Id.* at 30–42.

[54] *Id.* at 42–44 (referencing *Bruton v. United States*, 391 U.S. 123 (1968)).

[55] *Id.* at 44–70.

- Ground 8: counsel failed to properly prepare Guerrero to testify at trial;[56]
- Ground 9: counsel failed to object at critical moments during trial;[57]
- Ground 10: counsel failed to object to jury instructions that either shifted or lessened the State's burden of proof as to each element of the crimes charged;[58]
- Ground 15: counsel failed to object to improper jury instructions and failed to join in on an instruction offered by his codefendant;[59]
- Ground 16: counsel failed to object to the misconduct of codefendant's counsel;[60]
- Ground 19: counsel pursued an unreasonable defense theory;[61]
- Ground 20: counsel failed to challenge codefendant's defense and failed to investigation allegations that codefendant was a gang member, which would have weakened codefendant's defense that he acted under duress.[62]

The *Martinez* analysis with respect to these claims appears intertwined, to a large extent, with the analysis of the underlying merit of the claims. The only claim that is currently subject to disposition on the merits is ground 11, in which Guerrero alleges that trial counsel was ineffective when he failed to request a jury instruction on Guerrero's theory of defense regarding the sexual assault charges.[63] In light of the fact that ground 11 will be briefed on the merits, the

---

[56] *Id.* at 70–73.

[57] *Id.* at 74–80.

[58] *Id.* at 80–85.

[59] *Id.* at 107–20, 122–24.

[60] *Id.* at 124–128.

[61] *Id.* at 140–47.

[62] *Id.* at 147–50.

[63] ECF No. 26 at 85–88. Ground 15 also contains the claim that counsel was ineffective for failing to request a jury instruction on Guerrero's theory of defense regarding the sexual assault charges. So, that portion of ground 15 is dismissed as duplicative.

court will defer a decision on whether Guerrero can show cause and prejudice under *Martinez* to excuse the default of the other ineffective-assistance-of-trial-counsel claims listed above.

**C.     One of Guerrero's claims is unexhausted.**

State prisoners seeking federal habeas relief must exhaust the remedies available in the state courts unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."[64] The purpose of the exhaustion rule is to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal court, and to "protect the state courts' role in the enforcement of federal law."[65] A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.[66]

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[67] The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[68] To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights.[69] It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken

---

[64] 28 U.S.C. § 2254(b)(1).

[65] *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).

[66] *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

[67] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[68] *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).

[69] *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

10

each one to state court."[70]  "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion."[71] However, citing to state caselaw that applies federal constitutional principles will suffice.[72]

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based.[73]  The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory.[74]

In ground 4(1), Guerrero asserts that trial counsel was ineffective for failing to investigate several witnesses, namely Albert Somochi and Maricela Guerrero (Guerrero's cousin and sister, respectively), members of the Las Vegas police gang unit or other gang experts, and county jail officials.[75]  Respondents are correct that Guerrero did not present these claims to the highest state court.[76]  Ground 4(1) is therefore unexhausted.

**D.     Guerrero's petition is mixed.**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition.[77]  A

---

[70] *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).

[71] *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

[72] *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[73] *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

[74] *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

[75] ECF No. 26 at 22–24.

[76] *See* ECF No. 88-5.

[77] *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

"mixed" petition containing both exhausted and unexhausted claims is subject to dismissal.[78] Because I find that ground 4(1) is unexhausted Guerrero has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claim.

With respect to the third option, as Guerrero is aware, a district court has discretion to stay a petition that it may validly consider on the merits.[79] But a stay and abeyance is only granted if the petitioner can show that his unexhausted claims aren't plainly meritless and that there was good cause for his failure to exhaust those claims in state court.[80] If Guerrero wishes to ask for a stay, he must file a motion for stay and abeyance, demonstrating these two requirements. Respondents would then be granted an opportunity to respond, and Guerrero to reply. Guerrero is also advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), because those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

As discussed above, a decision on the trial IAC claims in grounds 4–10, 15, 16 and 20 is deferred until the merits review. Thus, the parties must brief the merits of these claims and ground 11 in the answer and reply.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that respondents' **motion to dismiss [ECF No. 87] is GRANTED in part** as follows:

---

[78] *Id.*

[79] *Rhines v. Weber*, 544 U.S. 269, 276 (2005).

[80] *Id.* at 277.

12

- Grounds 12, 17, and 22 are DISMISSED as noncognizable in federal habeas and/or for failure to state a claim;
- Grounds 1, 2, 3, 13, 14, 18, and 21 are DISMISSED as procedurally barred;
- All claims in grounds 15 and 16 are DISMISSED as procedurally barred except the ineffective assistance of trial counsel claims;
- Decisions on grounds 4–10, 20, and the trial IAC claims in grounds 15 and 16 are DEFERRED;
- Ground 4(1) is UNEXHAUSTED.

IT IS FURTHER ORDERED that **Guerrero has until September 21, 2018, to inform the court which one of the following three options he chooses**: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claim; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claim. **If Guerrero fails to choose one of these options by this court-ordered deadline, his petition will be DISMISSED.**

If Guerrero chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to it according to Local Rule 7-2.

IT IS FURTHER ORDERED that if Guerrero elects to abandon his unexhausted ground, **respondents will have 30 days from the date Guerrero serves his declaration** of abandonment in which to file an answer to Guerrero's remaining grounds for relief. The answer must contain all substantive and procedural arguments for all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts . . .

under 28 U.S.C. §2254. Guerrero will then have **30 days from the date of service of respondents' answer to file a reply**.

Dated: August 23, 2018

_____
U.S. District Judge Jennifer A. Dorsey