# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Pablo Ramon Guerrero,

    Petitioner

v.

Brian E. Williams, et al.,

    Respondents

Case No.: 2:13-cv-00328-JAD-DJA

**Order Denying Motions and Reclosing Case**

[ECF Nos. 129, 138, 142, 143]

Petitioner Pablo Ramon Guerrero sought a writ of habeas corpus under 28 U.S.C. § 2254 based on claims that his trial counsel was ineffective.[1] I denied Guerrero's petition, denied a certificate of appealability, and closed this case on April 9, 2020.[2] Guerrero appealed, and the United States Court of Appeals denied Guerrero's request for a certificate of appealability on October 28, 2020.[3] Guerrero has since filed a handful of motions seeking various relief, and I reopened this case for the limited purpose of considering these motions.[4] But because these motions are either meritless or moot, I deny them and again close this case.

## Discussion

**A.    Motion for relief from the judgment and order**

In his "Motion 60(b)((6)(1-3)"[5] Guerrero challenges my dismissal of Grounds 12, 17, and 22.[6] To recap, Guerrero argued in Grounds 12 and 17 that his trial counsel was ineffective for

---

[1] ECF No. 26.

[2] ECF No. 121.

[3] ECF Nos. 123, 126.

[4] ECF No. 134.

[5] ECF No. 129.

[6] ECF No. 129 at 8.

exercising nearly all his peremptory challenges on men in violation of *Batson v. Kentucky*,[7] and that his appellate counsel was ineffective for failing to raise the same argument in his direct appeal.[8] The respondents argued that these grounds are noncognizable because *Batson* only addresses the violation of a petitioner's constitutional rights by the state, not by defense counsel.[9] I agreed and dismissed Grounds 12 and 17 as noncognizable for failing to state claims for which federal habeas relief may be granted.[10] In Ground 22, Guerrero argued that he was innocent of conspiracy to commit murder and attempted murder with the use of a deadly weapon.[11] The respondents argued that this ground was untimely because it was raised in a second-amended petition and did not relate back to the timely-filed first-amended petition.[12] The respondents also noted that the United States Supreme Court has not held that a freestanding claim of actual innocence is cognizable on federal habeas review.[13] I agreed and dismissed Ground 22 as noncognizable.[14]

In his instant motion, Guerrero argues, in relevant part, that *Weaver v. Massachusetts* and *Garza v. U.S.* "shed a light on" Grounds 12 and 17.[15] He explains that he is entitled to relief

---

[7] *Batson v. Kentucky*, 476 U.S. 79, 89 (1986).

[8] ECF No. 26 at 88–94, 129–31.

[9] ECF No. 87 at 9.

[10] ECF No. 98 at 4.

[11] ECF No. 26 at 154–60.

[12] ECF No. 87 at 4–5.

[13] *Id.* at 10–11; *see McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence."); *Gimenez v. Ochoa*, 821 F.3d 1136, 1143 (9th Cir. 2016) ("The Supreme Court has never recognized 'actual innocence' as a constitutional error that would provide grounds for relief without an independent constitutional violation.").

[14] ECF No. 98 at 4.

[15] ECF No. 129 at 23 (citing *Weaver v. Massachusetts*, 137 S. Ct. 1899 (2017), and *Garza v. U.S.*, 139 S. Ct. 738 (2019)). Guerrero previously requested an extension of the page limit for his reply to his motions, asking for "a (10) page extension, . . . not to exceed (20) pages." ECF

under FRCP 60(b)(6) because "he is seeking to have a new legal rule applied" to Grounds 12 and 17 under *Weaver* and *Garza*: "if a petitioner cannot show 'prejudice' under *Strickland* [and] *Cronic*, then he could instead show that he was denied fundamental fairness."[16]  Guerrero further explains that he did not know previously that this "novel" claim was an option.[17]  Regarding Ground 22, Guerrero "seeks to re-introduce the affidavits [of his co-defendant] . . . based on the cause and prejudice test, a proper excuse under 60(b)(1-3)."[18]

      Fed. R. Civ. P. 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason that justifies relief."[19]  A motion under subsections (b)(1–3) must be brought "no more than a year after the entry of the judgment," and a motion under subsections (b)(4–6) must be brought "within a reasonable time."[20]  Fed. R. Civ. P. 60(b) applies in habeas corpus proceedings only to the extent that it is not inconsistent with the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA).[21]

      AEDPA generally precludes "second or successive habeas corpus applications" unless the petitioner meets certain narrow requirements.[22]  The statute provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not

---

[18] No. 136 at 6.  In denying that motion, I explained that LSR 3-2(b) provides that "motions, responses to motions, and replies in support of motions are limited to 30 pages, excluding exhibits."  ECF No. 137.  Guerrero now moves to extend the page limit for his reply brief to 25 pages.  ECF No. 138.  This request is denied as moot just as the last one was.

[16] *Id.*

[17] *Id.* at 23, 29.

[18] *Id.* at 30.

[19] Fed. R. Civ. P. 60(b)(6).

[20] Fed. R. Civ. P. 60(c)(1).

[21] *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005).

[22] *See* 28 U.S.C. § 2244(b).

presented in a prior application shall be dismissed unless" it "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or on newly discovered facts that show a high probability of actual innocence.[23] Habeas corpus petitioners cannot utilize a Fed. R. Civ. P. 60(b) motion to circumvent these restrictions.[24]

In *Gonzalez v. Crosby*, the Supreme Court held that a legitimate Fed. R. Civ. P. 60(b) motion in a habeas action "attacks . . . some defect in the integrity of the federal habeas proceedings," while a second or successive habeas corpus petition "is a filing that contains one or more 'claims,'" defined as "asserted federal bas[e]s for relief from a state court's judgment of conviction."[25] I dismissed Grounds 12, 17, and 22 because they failed to state a claim for which federal habeas relief may be granted.[26] This was, in essence, a merits ruling, not a preclusion to a merits determination.[27] Because Guerrero is attacking my previous resolution of Grounds 12, 17, and 22 on their merits, he is effectively making habeas corpus claims.[28] This filing is therefore not a Fed. R. Civ. P. 60(b) motion, but rather a second or successive habeas corpus

---

[23] *Id.* § 2244(b)(2)(A)-(B).

[24] *Gonzalez*, 545 U.S. at 531–32 ("Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts.").

[25] *Id.* at 530, 532.

[26] ECF No. 98 at 4.

[27] *See Gonzalez*, 545 U.S. at 532 n.4.

[28] *Id.* at 532 (explaining that "alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statute, entitled to habeas relief").

petition, which is prohibited under AEDPA.[29]  I deny Guerrero's "Motion 60(b)((6)(1–3)" for this reason.[30]

**B.     Motion to introduce new evidence**

Guerrero requests that, in ruling on his Rule 60 motion, I consider his "state appeal documents" along with his co-defendant's declarations, which were completed in 2010 and 2011, and provided, in pertinent part, that Guerrero's co-defendant lied to detectives when he said he shot Sonia Gallardo at Guerrero's direction.[31]  Based on my determination that Guerrero's motion for relief from a judgment or order is actually an unauthorized second or successive habeas corpus petition, I decline his request to further consider them.[32]

**C.     Motions re: appeal**

Finally, Guerrero asks for an "order designating the record on appeal. . . ."[33]  But his appeal was dismissed, rendering that request moot.[34]  I deny his requests on this basis.  Even if those requests were still viable, I would deny them because the rule cited by Guerrero—Fed. R.

---

[29] Guerrero would have to obtain authorization from the court of appeals before he could proceed with a second or successive petition.  28 U.S.C. § 2244(b)(3).

[30] Even assuming, *arguendo*, that Guerrero's motion attacks a defect in the integrity of the proceedings because Grounds 12, 17, and 22 were dismissed prior to my merits order, his Fed. R. Civ. P. 60(b) motion would still fail.  The motion was filed nearly three years after my order dismissing the relevant claims and more than a year after judgment was entered.  *Compare* ECF No. 98 (order on motion to dismiss filed August 23, 2018), *with* ECF No. 122 (judgment filed April 9, 2020), *and* ECF No. 129 (Guerrero's motion filed July 22, 2021).  So the motion is untimely under Fed. R. Civ. P. 60(c)(1).

[31] ECF No. 129 at 33 (referencing ECF No. 129-3 at 68–71).  Guerrero's co-defendant's declarations were the subject of Ground 22 of his second amended federal habeas petition.  *See* ECF No. 26 at 154.  These declarations were presented as new evidence to the state district court during Guerrero's first state habeas proceedings.  *See* ECF No. 26 at 154–55.

[32] It appears that Guerrero presents his "state appeal documents" to show that he has exhausted Grounds 12, 17, and 22.  *See* ECF No. 139 at 4.  However, I did not dismiss these grounds based on a lack of exhaustion; I dismissed them because they were not cognizable.  So these documents are simply not relevant.

[33] ECF Nos. 142, 143.

[34] ECF Nos. 145, 147.

5

App. P. 10(b)(1)—is inapplicable because it deals with transcripts of the proceedings, and there were no transcripts generated by my order reopening Guerrero's case.

## Conclusion

IT IS THEREFORE ORDERED that Guerrero's "motion 60(b)(6)(1-3) and motion to introduce 'newly discovered' evidence and exhausted [sic] state appeal documents" **[ECF No. 129] are DENIED**, and because reasonable jurists would not find my decisions to be debatable or wrong, **a certificate of appealability is also DENIED**.

IT IS FURTHER ORDERED that Guerrero's motions to extend the page limit of his reply and for designation of the record on appeal **[ECF Nos. 138, 142, 143] are DENIED** as moot.

The Clerk of Court is directed to **RECLOSE THIS CASE. No further documents may be filed in this case.**

Dated: November 24, 2021

_____
U.S. District Judge Jennifer A. Dorsey